CHEMICAL NATIONAL BANK OF NEW YORK, as Executor of and Trustee under the Will of ROGER R. HILL, Deceased, Respondent, v. SUSIE R. HILL et al., Respondents; BARBARA HILL et al., Respondents and Appellants, and AMERICAN NATIONAL RED CROSS, Appellant and Respondent.

(Argued January 8, 1930; decided February 11, 1930.)

178

Frank H. Hiscock, Joseph M. Hartfield and Kenneth C. Johnson for American National Red Cross, appellant and respondent. The will contains no provision that either infant niece shall receive any principal of the residuary estate unless she attains the age of forty years. (*Lewisohn* v. *Henry*, 179 N. Y. 352; *International Text Book Co.* v. *Connelly*, 206 N. Y. 188.) The will makes no provision in favor of the infant nieces except in article sixth, subsection (c). (*Cammann* v. *Bailey*, 210 N. Y. 19; *Matter of Allen*, 111 Misc. Rep. 93; 202 App. Div. 810; 236 N. Y. 503; *Matter of Goldmark*, 186·App. Div. 447; *Hatch* v. *Bassett*, 52 N. Y. 359; *Locke* v. *Farmers' Loan & Trust Co.*, 140 N. Y. 135; *Tabernacle Baptist Church* v. *Fifth Avenue Baptist Church*, 60 App. Div. 327; *Matter of Ingersoll*, 95 App. Div. 211; *Brown* v. *Quintard*, 177 N. Y. 75; *Dreyer* v. *Reisman*, 202 N. Y. 476; *Matter of Koss*, 177 N. Y. 371; *Leggett* v. *Stevens*, 185 N. Y. 70; *Matter of Hansen*, 72 Misc. Rep. 610; *Rewis* v. *Rewis*, 79 Fla. 126; *Perkins* v. *O'Donald*, 77 Fla. 710.) The residuary clause contained in article seventh of the will is a valid provision for the distribution of the property of the testator not disposed of in article sixth. (*Langley* v. *Westchester Trust Co.*, 180 N. Y. 326; *Kerr* v. *Dougherty*, 79 N. Y. 327; *Riker* v. *Cornell*, 113 N. Y. 115; *Wechsler* v. *Drey*, 203 App. Div. 692; *Thomas* v. *Thomas*, 43

Misc. Rep. 541; *Matter of Hitchcock*, 222 N. Y. 57; *Matter of Berry*, 154 App. Div. 509.)

*Murray Hulbert* and *S. Whitney Landon, Jr.*, for Barbara Hill et al., respondents and appellants. The appellant American National Red Cross is not entitled, as a matter of law, to any more than it receives under the judgment entered upon the determination of the trial court. (*Connelly* v. *O'Brien*, 166 N. Y. 406; *Brown* v. *Quintard*, 177 N. Y. 75; *Matter of Edie*, 117 App. Div. 310; *Tucker* v. *Bishop*, 16 N. Y. 402; *Smith* v. *Edwards*, 88 N. Y. 92; *Roberts* v. *Coming*, 89 N. Y. 225; *Vanderpoel* v. *Loew*, 112 N. Y. 167; *Sorrells* v. *McNally*, 89 Fla. 457; *Young* v. *McKinnie*, 5 Fla. 542.)

*Dallas S. Townsend* and *Henry W. Proffitt* for Chemical National Bank, as executor and trustee, respondent. The law favors the vesting of estates and will construe a will as creating vested interests unless it clearly appears that the testator intended otherwise. (Davids, New York Law of Wills, vol. I, p. 821; *Hersee* v. *Simpson*, 154 N. Y. 496; *Matter of Hammond*, 74 App. Div. 547; *Matter of Munroe*, 107 Misc. Rep. 408.) The words of a will are to receive an interpretation which will give to every expression some effect rather than one which will render any of the expressions inoperative. (*Adams* v. *Massey*, 184 N. Y. 62; *Sorrells* v. *McNally*, 89 Fla. 457; *Harrison* v. *Jewell*, 2 Dem. 37; *Brown* v. *Quintard*, 177 N. Y. 75; *Rewis* v. *Rewis*, 79 Fla. 126 *Tilden* v. *Green*, 130 N. Y. 29.)

*George W. Hinckley* for Susie R. Hill et al., respondents.

*Per Curiam.* In this action for the construction of the will of Roger Richardson Hill, deceased, we have reached the conclusion that the judgment as rendered by the Special Term and approved by the Appellate Division must be modified in some particulars.

The principle controlling our modification is this, that upon the death of each niece under the age of forty years,

the American National Red Cross succeeds to the interest in the residuary estate of the niece so dying, *i. e.*, to the interest in the share described in subsection (c) of article sixth by force of the second paragraph of subsection (d) and to the interest in the share described in subsection (d) by force of article seventh, and that there is no succession to such interest by the heirs or next of kin. On the other hand, the Red Cross does not succeed to any part of the principal or income payable to a niece at a given age if in fact when the time for such payment has arrived the niece is still in being.

Adherence to that principle will call for changes of the judgment in several subdivisions:

The subdivision numbered 27 provides as follows: " That under the second paragraph of subsection (d) the American National Red Cross is to become vested with one-half of that half of the residue dealt with in subsection (c) in case either Barbara Hill or Suzane Wickes dies before receiving payment in full of their interest under subsection (c) both as to principal and ·income. The second paragraph of subsection (d) does not again operate in case the surviving niece likewise dies before receiving payment in full of her interest under subsection (c)."

A direction similar in effect is contained in subdivision 16.

Those subdivisions are erroneous in so far as they provide that the second paragraph of subsection (d) does not again operate in case the surviving niece likewise dies before receiving payment in full of her interest under subsection (c). In our opinion such interest of the niece last dying (like the interest of the niece first dying) will be payable in that contingency to the American National Red Cross.

The subdivisions of the judgment numbered 28 to 33, inclusive, contain provisions as to the disposition of the three-quarters of the residue that will remain in the estate

after one-half of that half of the residue dealt with in subsection (c), *i. e.*, one-quarter of the whole residue, shall have been paid to the American National Red Cross following the death of the niece first dying under the age of forty years.

As to such portion of the estate (three-quarters of the whole residue), the judgment should provide as follows:

In respect of the part thereof included in subsection (c), the income and principal are to be paid to the survivor of the two nieces in accordance with subdivisions 17 and 18 of the judgment of the Special Term. If the niece so surviving shall die under the age of forty years, her interest in such portion shall thereupon be payable to the American National Red Cross.

In respect of the part thereof included in subsection (d), one-half (*i. e.*, one-quarter of the whole residue of the estate) is to be devoted in the first place to the payment of the annuities provided for in subsections (a) and (b), and if any balance of income remains, and the trustee is of the opinion that it can be spared and the capital still kept intact, it is to be paid to the surviving niece in the same manner as the income derived from subsection (c). Subject to the same annuities and to the duty of the trustee to hold the capital intact in order to preserve them, the surviving niece shall be vested with title to the installments of the principal as she attains the several ages at which principal is payable. If, however, she shall die under the age of forty years, her interest in any portion then unpaid will pass under article seventh of the will to the American National Red Cross.

In respect of the other half of the residue included in subsection (d) (one-quarter of the whole residue), this share (being the part previously held for the benefit of the niece first dying under the age of forty) will pass upon her death to the American National Red Cross under article seventh of the will, subject, however, to the payment of the annuities and to the duty of the

trustee to preserve them and, in aid of their preservation, to hold the principal intact.

The judgment of the Appellate Division and that of the Special Term should be modified in accordance with these views and as so modified affirmed with costs to all parties payable out of the estate.

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgment accordingly.